

RECEIVED

SEP 0 6 2023

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | | * | |
|---|---|---|---|
| | | * | |
| VERSUS | | * | 5:23-cr-00214 |
| | | * | Judge Hicks |
| | | * | Magistrate Judge Hornsby |
| HUI HE, | (01) | * | |
| a.k.a. "Kevin" | | * | |
| HIKMAT DEEB, | (02) | * | |
| a.k.a. "Hek" & "Hector" | | * | |
| BRIEON O'NEAL | (03) | * | |
| ANDREW BROWN | (04) | * | |
| JERUSALIA BELL | (05) | * | |
| RSHAD DEEB, | (06) | * | |
| a.k.a. "Ray" | | * | |
| ADHAM DEEB, | (07) | * | |
| a.k.a. "Polo" | | * | |
| HADI DEEB | (08) | * | |
| MOHD TBAILEH, | (09) | * | |
| a.k.a. "Moody" | | * | |
| JAMES TROY PHILLIPS, | (10) | * | |
| a.k.a. "Troy" | | * | |
| CORY BEASLEY | (11) | * | |
| TREVOR OSIFO | (12) | * | |
| SHAKERA STRINGFELLOW | (13) | * | |
| JIMMY MAYS | (14) | * | |
| DAJUAN JACKSON, | (15) | * | |
| a.k.a. "Bando" | | * | |
| DAMARQUEZ MITCHELL, | (16) | * | |
| a.k.a. "Quez" | | * | |
| JAVARRIA LINNEAR, | (17) | * | |
| a.k.a. "Bubba" | | * | |
| CLARISSA HOLMES | (18) | * | |
| ELESIA JOHNSON | (19) | * | |

## INDICTMENT

THE GRAND JURY CHARGES:

### Count 1
Conspiracy to Distribute and
Possess with Intent to Distribute Marijuana
21 U.S.C. §§ 841(a)(1) & 846

On a date uncertain, but no later than October 1, 2012 and continuing until on or about December 13, 2022, in the Western District of Louisiana and elsewhere, the defendants, **Hui He**, a.k.a. **"Kevin"**, **Hikmat Deeb**, a.k.a. **"Hek" and "Hector"**, **Brieon O'Neal**, **Andrew Brown**, **Jerusalia Bell**, **Rshad Deeb**, a.k.a. **"Ray"**, **Adham Deeb**, a.k.a. **"Polo"**, **Hadi Deeb**, **Mohd Tbaileh**, a.k.a. **"Moody"** , **James Troy Phillips**, a.k.a. **"Troy"** , **Cory Beasley**, **Jimmy Mays**, **Trevor Osifo**, **Dajuan Jackson**, a.k.a. **"Bando"**, **Damarquez Mitchell**, a.k.a. **"Quez"**, **Javarria Linnear**, a.k.a. **"Bubba"**, **Shakera Stringfellow**, **Clarissa Holmes**, **Elesia Johnson**, and other persons known and unknown to the Grand Jury, did knowingly and intentionally conspire and agree together to distribute and possess with the intent to distribute marijuana, a schedule I substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 846.  [21 U.S.C. §§ 841(a)(1) and 846].

### QUANTITY OF MARIJUANA INVOLVED IN THE CONSPIRACY

With respect to the defendants, **Hui He**, a.k.a. **"Kevin"**, **Hikmat Deeb**, a.k.a. **"Hek" and "Hector"**, **Brieon O'Neal**, **Andrew Brown**, **Jerusalia Bell**, **Rshad Deeb**, a.k.a. **"Ray"**, **Adham Deeb**, a.k.a. **"Polo"**, **Hadi Deeb**, **Mohd Tbaileh**,

a.k.a. "Moody", James Troy Phillips, a.k.a. "Troy", and Cory Beasley, their conduct as members of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of the other members of the narcotics conspiracy charged in Count One, involved 100 kilograms or more of marijuana, a schedule I substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vii) and 846.  [21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii) and 846].

With respect to the defendants, Trevor Osifo and Shakera Stringfellow, their conduct as members of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of the other members of the narcotics conspiracy charged in Count One, involved more than 50 kilograms but less than 100 kilograms of marijuana, a schedule I substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and 846.  [21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846].

With respect to the defendants, Jimmy Mays, Dajuan Jackson, a.k.a. "Bando", Damarquez Mitchell, a.k.a. "Quez", Javarria Linnear, a.k.a. "Bubba", Clarissa Holmes, and Elesia Johnson, their conduct as members of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of the other members of the narcotics conspiracy charged in Count One, involved less than 50 kilograms of marijuana, a schedule I substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D) and 846. [21 U.S.C. §§ 841(a)(1) and (b)(1)(D) and 846].

## Count 2
### Interstate Travel in Aid of Racketeering Enterprises
### 18 U.S.C. §§ 1952(a)(3) & 2

On or about September 14, 2022, in the Western District of Louisiana and elsewhere, the defendant, **Mohd Tbaileh, a.k.a. "Moody"**, did knowingly travel in interstate commerce from the State of Louisiana to the State of Texas with the intent to promote, manage, establish, carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being the distribution and possession with intent to distribute marijuana, in violation of Title 21, United States Code, Section 841, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2. [18 U.S.C. §§ 1952(a)(3) & 2].

## Count 3
### Interstate Travel in Aid of Racketeering Enterprises
### 18 U.S.C. §§ 1952(a)(3) & 2

On or about November 3, 2022, in the Western District of Louisiana and elsewhere, the defendant, **Shakera Stringfellow**, did knowingly travel in interstate commerce from the State of Oklahoma to the State of Louisiana with the intent to promote, manage, establish, carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being the distribution and possession with intent to distribute marijuana, in violation of Title 21, United States Code, Section 841, and thereafter did perform and attempt to

4

perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.  [18 U.S.C. §§ 1952(a)(3) & 2].

## Count 4
### Interstate Travel in Aid of Racketeering Enterprises
### 18 U.S.C. §§ 1952(a)(3) & 2

On or about November 30, 2022, in the Western District of Louisiana and elsewhere, the defendants, **Brieon O'Neal** and **James Troy Phillips**, **a.k.a. "Troy"**, did knowingly travel in interstate commerce between the State of Louisiana and State of Texas with the intent to promote, manage, establish, carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being the distribution and possession with intent to distribute marijuana, in violation of Title 21, United States Code, Section 841, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.  [18 U.S.C. §§ 1952(a)(3) & 2].

## Count 5
### Conspiracy to Launder Monetary Instruments
### 18 U.S.C. § 1956(h)

AT ALL TIMES RELEVANT HEREIN:

I.      INTRODUCTION.

1.      The defendant, **Jerusalia Bell**, was the spouse of **Hikmat Deeb**.

2.      **Jerusalia Bell** registered "L&A Clothing, LLC, doing business as Eye Pealing" with the Louisiana Secretary of State in January of 2021. She operated a clothing line under this name.

3.      **Hikmat Deeb** registered "Trappharm, LLC" with the Oklahoma Secretary of State in February of 2021. He operated a clothing line and a marijuana cultivation business under this name.

4.      **Hikmat Deeb** and **Jerusalia Bell** each maintained multiple accounts with Cash App, which is a mobile payment service available in the United States that allows a user to transfer money to other users using a mobile phone application.

5.      JPMorgan Chase Bank, N.A. was a financial institution where **Jerusalia Bell** maintained three checking accounts.   Account No. XXXX3971 (hereinafter "Personal Account 1") and Account No. XXXX5366 (hereinafter "Personal Account 2") were issued in her name.   Account No. XXXX (hereinafter "Business Account") was issued in the name of her business, L&A Clothing, LLC.

II.      THE CONSPIRACY.

1.      From at least on or about January 1, 2020, and continuing through on or about December 31, 2022, in the Western District of Louisiana and elsewhere, the defendants, **Hikmat Deeb**, **Jerusalia Bell**, and other persons known and unknown to the Grand Jury, did knowingly combine, conspire, and agree to commit the following offenses against the United States, in violation of Title 18, United States Code, Section 1956, to wit:

6

a. to knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, the sale and distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal and disguise the nature and source of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b. to knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, the sale and distribution of controlled substances, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under federal law, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

III.    MANNER AND MEANS OF THE CONSPIRACY.

1.    The manner and means used to accomplish the objectives of the conspiracy included, but was not limited to, the following:

a. **Hikmat Deeb** would manufacture and obtain marijuana in Oklahoma.

7

b. **Hikmat Deeb** would transport and arrange for the transportation of the marijuana from Oklahoma to the Western District of Louisiana and elsewhere for distribution.

c. **Hikmat Deeb** would receive payment from marijuana sales via United States currency (hereinafter "cash").

d. **Hikmat Deeb** would provide the cash to **Jerusalia Bell**, and she would deposit the cash into Personal Account 1, Personal Account 2, and Business Account.

e. **Hikmat Deeb** would sometimes convert the cash into money orders and issue them to Eye Pealing.

f. **Jerusalia Bell** would deposit the money orders into the Business Account.

g. **Hikmat Deeb** would also receive payment from marijuana sales via Cash App.

h. **Hikmat Deeb** would transfer the payments from his Cash App account to **Jerusalia Bell's** Cash App account, and then **Bell** would deposit the payments into Personal Account 1.

i. **Jerusalia Bell** would immediately transfer the funds into her other accounts.

j. **Jerusalia Bell** would then use the transferred funds to pay various expenses on behalf of **Hikmat Deeb**.

2.    On or about January 22, 2021, as representative of the manner and means of the conspiracy, **Jerusalia Bell** transferred $2,167.00 from her Cash App

account into Personal Account 1. **Jerusalia Bell** then transferred $1,057.00 from Personal Account 1 into Personal Account 2. **Jerusalia Bell** then paid $1,057.00 to Wells Fargo for **Hikmat Deeb's** auto loan on his 2018 Ford Raptor.

3.      On or about March 3, 2021, as further representative of the manner and means of the conspiracy, **Jerusalia Bell** deposited $3,720.00 in cash into Business Account. **Jerusalia Bell** then transferred $2,000.00 from Business Account into Personal Account 1. **Jerusalia Bell** then transferred $1,710.00 into Personal Account 2. The next day, on March 4, 2021, **Jerusalia Bell** paid $1,704.99 to Melrose Realty LLC for a property in Oklahoma that she and **Hikmat Deeb** utilized.

4.      On or about November 19, 2021, as further representative of the manner and means of the conspiracy, **Jerusalia Bell** deposited $13,000.00 into Business Account, which included one cash deposit of $5,000.00 and eight money orders issued by **Hikmat Deeb** totaling $8,000.00.

5.      On or about December 12, 2022, as further representative of the manner and means of the conspiracy, **Jerusalia Bell** made five cash deposits totaling $9,000.00 into Business Account.

All in violation of Title 18, United States Code, Section 1956(h). [18 U.S.C. § 1956(h)].

## Count 6
## Laundering of Monetary Instruments
## 18 U.S.C. § 1956(a)(1)(B)(i)

1.      The allegations set forth in Count 5 are realleged and incorporated by reference herein.

2.     On or about January 22, 2021, in the Western District of Louisiana and elsewhere, the defendant, **Jerusalia Bell**, did knowingly conduct and attempt to conduct the following financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, the sale and distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal and disguise the nature and source of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, to wit: transferred $2,167.00 from her Cash App account into Personal Account 1; then transferred $1,057.00 from Personal Account 1 into Personal Account 2; and then paid $1,057.00 to Wells Fargo for **Hikmat Deeb's** auto loan on his 2018 Ford Raptor.

All in violation of Title 18 United States Code, Section 1956(a)(1)(B)(i).

## Count 7
### Laundering of Monetary Instruments
### 18 U.S.C. § 1956(a)(1)(B)(ii)

1.     The allegations set forth in Count 5 are realleged and incorporated by reference herein.

2.     On or about November 19, 2021, in the Western District of Louisiana and elsewhere, the defendant, **Jerusalia Bell**, did knowingly conduct financial transactions affecting interstate commerce and involving Business Account which involved the proceeds of a specified unlawful activity, that is, the sale and distribution of controlled substances, knowing that the transaction was designed in whole and in

10

part to conceal and disguise the nature and source of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, to wit: deposited $13,000.00 into Business Account, which included one cash deposit of $5,000.00 and eight money orders totaling $8,000.00.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).  [18 U.S.C. § 1956(a)(1)(B)(ii)].

### Count 8
### Laundering of Monetary Instruments
### 18 U.S.C. § 1956(a)(1)(B)(ii)

1.     The allegations set forth in Count 5 are realleged and incorporated by reference herein.

2.     On or about December 12, 2022, in the Western District of Louisiana and elsewhere, the defendant, **Jerusalia Bell**, did knowingly conduct financial transactions affecting interstate commerce and involving Business Account which involved the proceeds of a specified unlawful activity, that is, the sale and distribution of controlled substances, knowing that the transactions were designed in whole or in part to avoid a transaction reporting requirement under Federal law, to wit: made five cash deposits into Business Account totaling $9,000.00.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).  [18 U.S.C. § 1956(a)(1)(B)(ii)].

### Count 9
### Engaging in Monetary Transactions
### in Property Derived from Specified Unlawful Activity
### 18 U.S.C. § 1957(a)

On or about November 2, 2020, in the Western District of Louisiana, the defendant, **Hikmat Deeb, a.k.a. "Hek" and "Hector"**, did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000, namely, the purchase of a 2018 Ford F-150 Raptor, that was derived from a specified unlawful activity, namely, the distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1), and knew that the funds involved in the transaction represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Section 1957(a). [18 U.S.C. § 1957(a)].

### Count 10
### Wire Fraud
### 18 U.S.C. § 1343

AT ALL TIMES RELEVANT HEREIN:

A. THE DEFENDANT AND RELEVANT ENTITIES.

1.     The defendant, **Brieon O'Neal**, was a resident of Caddo Parish, Louisiana.

2.     John McKee Chevrolet Buick GMC was a car dealership located in Homer, Louisiana.

3.     TD Auto Finance was a financial services company headquartered in Michigan.

B. THE SCHEME TO DEFRAUD.

4.    On or about February 24, 2020, the defendant, **Brieon O'Neal**, devised and intended to device a scheme to defraud, and to obtain money and property from TD Auto Finance by means of materially false and fraudulent pretenses, representations, and promises.

C. MANNER AND MEANS.

5.    It was part of the scheme and artifice to defraud that the defendant, **Brieon O'Neal**, sought to purchase a 2018 Dodge Charger at John McKee Chevrolet Buick GMC.

6.    The defendant, **Brieon O'Neal**, submitted and caused to be submitted to TD Auto Finance a credit application to obtain financing for the purchase of the vehicle.

7.    In the credit application, the defendant, **Brieon O'Neal**, falsely represented that he had been employed for three years and one month as a car salesman and had a gross monthly income of $3,500.00 when in fact he was not so employed.

8.    As a result of the false and fraudulent application, TD Auto Finance dispersed $33,705.60 in loan funds for the purchase of the 2018 Dodge Charger.

D. INTERSTATE WIRE COMMUNICATION.

9.    On or about February 24, 2020, in the Western District of Louisiana and elsewhere, the defendant, **Brieon O'Neal**, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and to obtain money and

property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, did knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce, to wit: a credit application containing false information.

All in violation of Title 18, United States Code, Section 1343. [18 U.S.C. § 1343].

## Count 11
### Wire Fraud
### 18 U.S.C. § 1343

AT ALL TIMES RELEVANT HEREIN:

A. THE DEFENDANT AND RELEVANT ENTITY.

1.      The defendant, **Brieon O'Neal**, was a resident of Caddo Parish, Louisiana.

2.      AmCap Home Loans, doing business as AmCap Mortgage, Ltd., (hereinafter "AmCap Mortgage") was headquartered in Texas with branches located in the Western District of Louisiana and elsewhere.

B. THE SCHEME TO DEFRAUD.

3.      Beginning on or about July 28, 2020, and continuing through October 21, 2020, the defendant, **Brieon O'Neal**, devised and intended to devise a scheme to defraud, and to obtain money and property from AmCap Mortgage by means of materially false and fraudulent pretenses, representations, and promises.

C. THE MANNER AND MEANS.

4. It was part of the scheme and artifice to defraud that the defendant, **Brieon O'Neal**, sought to purchase a home located at 536 Stockton Drive, Dallas, Texas 75216.

5. On or about October 21, 2020, the defendant, **Brieon O'Neal**, submitted and caused to be submitted to AmCap Mortgage a Uniform Residential Loan Application wherein he falsely represented that he had been employed for one year and two months as a driver for Ameriway, LLC when in fact he was not so employed.

6. Additionally, in support of the Uniform Residential Loan Application, the defendant, **Brieon O'Neal**, submitted and caused to be submitted a fraudulent bank statement representing that he received over $4,000.00 in monthly income from Ameriway, LLC when in fact he was not so employed.

7. As a result of the false and fraudulent application, AmCap Mortgage dispersed $273,946.00 in loan funds for the purchase of 536 Stockton Drive, Dallas, Texas 75216.

D. INTERSTATE WIRE COMMUNICATION.

8. On or about October 21, 2020, in the Western District of Louisiana and elsewhere, the defendant, **Brieon O'Neal**, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, did knowingly transmit and cause to be

transmitted by means of wire communications in interstate commerce, to wit: a false and fraudulent Uniform Residential Loan Application.

All in violation of Title 18, United States Code, Section 1343. [18 U.S.C. § 1343].

## Count 12
### Bank Fraud
### 18 U.S.C. §§ 1344(a)(1) & (2)

AT ALL TIMES RELEVANT HEREIN:

A. THE DEFENDANT AND RELEVANT ENTITIES.

1.      The defendant, **Andrew Brown**, was a resident of Caddo Parish, Louisiana.

2.      USA Car Expo was a car dealership located in Harris County, Texas.

3.      Barksdale Federal Credit Union is a financial institution with branches located in the Western District of Louisiana and whose deposits are insured by the National Credit Union Administration.

B. THE SCHEME AND ARTIFICE TO DEFRAUD.

4.      Beginning on or about June 16, 2020 and continuing through on or about June 30, 2020, the defendant, **Andrew Brown**, devised an artifice (a) to defraud a financial institution, and (b) to obtain any of the moneys, funds, credits, assets, securities, and other property owned by, or under the custody or control of, a financial institution, by means of false and fraudulent pretenses, representations, and promises.

C. MANNER AND MEANS

5.     It was part of the scheme and artifice to defraud that on or about June 16, 2020, the defendant, **Andrew Brown**, sought to purchase a 2016 Mercedes-Benz CLS from USA Car Expo.

6.     On or about June 30, 2020, the defendant, **Andrew Brown**, submitted and caused to be submitted a false credit application in support of his request for financing from Barksdale Federal Credit Union.

7.     The defendant, **Andrew Brown** falsely represented in the credit application that he had been employed for seven years as the office manager at All Age Medical and had a monthly income of $4,058.82 when in fact he was not so employed.

D. THE OFFENSE

8.     On or about January 30, 2020, in the Western District of Louisiana, the defendant, **Andrew Brown**, executed the scheme and artifice as set forth above, in that the defendant submitted the false credit application which Barksdale Federal Credit Union relied upon and dispersed $26,914.64 in funds to the defendant, **Andrew Brown**.

All in violation of Title 18, United States Code, Sections 1344(a)(1) and (2). [18 U.S.C. §§ 1344(a)(1) & (2)].

## Count 13
## Wire Fraud
## 18 U.S.C. § 1343

AT ALL TIMES RELEVANT HEREIN:

A. THE DEFENDANT AND RELEVANT ENTITIES.

1.      The defendant, **Andrew Brown**, was a resident of Caddo Parish, Louisiana.

2.      Runner World Market, LLC was a shoe and clothing business operating in Caddo Parish and Bossier Parish, Louisiana owned by **Andrew Brown**.

3.      White Road Capital, LLC, D.B.A. GFE Holdings ("White Road Capital") is a financial services business headquartered in California.

B. THE SCHEME TO DEFRAUD.

4.      On or about August 18, 2022, the defendant, **Andrew Brown**, devised and intended to device a scheme to defraud, and to obtain money and property from White Road Capital by means of materially false and fraudulent pretenses, representations, and promises.

C. MANNER AND MEANS.

5.      On or about August 18, 2022, as part of his request for funding, the defendant, **Andrew Brown**, submitted and caused to be submitted a false "Merchant Agreement" to White Road Capital.

6.      In the "Merchant Agreement," the defendant, **Andrew Brown**, agreed to sell, assign, and transfer to White Road Capital a specified percentage of "all of [Runner World Market LLC's] future accounts, contract rights and other entitlements

arising from or relating to the payment of monies from [Runner World Market LLC's] customers and/or other third party payors" in exchange for funding provided by White Road Capital.

7.      In the "Merchant Agreement," the defendant, **Andrew Brown**, falsely represented that he had "unencumbered and marketable title to all Receipts, free and clear of any and all liabilities, liens, claims....security interests....that may be inconsistent with the transaction contemplated with, or adverse to the interest of White Road" when in fact he knew that he previously encumbered the same  receipts to another business.

8.      In addition, the defendant, **Andrew Brown**, agreed he was "entering into this Agreement for business purposes and not as a consumer for personal, family, or household purposes" when in fact he knew that he did not intend to spend the money for personal purposes.

9.      As a result of the false and fraudulent application, White Road Capital dispersed $48,000.00 in funds to the defendant, **Andrew Brown**.

D. INTERSTATE WIRE COMMUNICATION.

10.      On or about August 18, 2022, in the Western District of Louisiana and elsewhere, the defendant, **Andrew Brown**, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, did knowingly transmit and cause to be

transmitted by means of wire communications in interstate commerce, to wit: submitting a "Merchant Agreement" that contained false and fraudulent information.

All in violation of Title 18, United States Code, Section 1343. [18 U.S.C. § 1343].

## Count 14
### Possession with Intent to Distribute Marijuana
### 21 U.S.C. 841(a)(1) & (b)(1)(D)

On or about December 12, 2022, in the Western District of Louisiana, the defendant, **Demarquez Mitchell, a.k.a. "Quez"**, knowingly possessed with the intent to distribute marijuana, a schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). [21 U.S.C. §§ 841(a)(1) & (b)(1)(D)].

## Count 15
### Possession of Firearms in Furtherance of a Drug Trafficking Crime
### 18 U.S.C. § 924(c)(1)

On or about December 12, 2022, in the Western District of Louisiana, the defendant, **Demarquez Mitchell, a.k.a. "Quez"**, knowingly and intentionally possessed firearms, to wit: (1) a Glock pistol, Model: 19, caliber: 9mm, and (2) a Colt rifle, Model: M4, caliber: 5.56, in furtherance of a drug trafficking crime, for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute marijuana, a schedule I controlled substance, as alleged in Count 14, in violation of Title 18, United States Code, Section 924(c)(1). [18 U.S.C. § 924(c)(1)].

### Count 16
### Possession with Intent to Distribute Marijuana
### 21 U.S.C. §§ 841(a)(1) & (b)(1)(D)

On or about December 13, 2022, in the Western District of Louisiana, the defendants, **Hikmat Deeb**, **a.k.a. "Hek" and "Hector"** and **Andrew Brown**, knowingly possessed with the intent to distribute marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D).   [21 U.S.C. §§ 841(a)(1) and (b)(1)(D)].

### Count 17
### Bank Fraud
### 18 U.S.C. §§ 1344(a)(1) & (2)

AT ALL TIMES RELEVANT HEREIN:

A. THE DEFENDANT AND RELEVANT ENTITIES.

1.    The defendant, **Hadi Deeb**, was a resident of Bossier Parish, Louisiana.

2.    Orr Nissan was a car dealership located in Bossier Parish, Louisiana.

3.    Ally Bank is a financial institution located in Utah whose deposits are insured by the Federal Deposit Insurance Corporation.

B. THE SCHEME AND ARTIFICE TO DEFRAUD.

4.    On or about December 26, 2022, the defendant, **Hadi Deeb**, devised an artifice (a) to defraud a financial institution, and (b) to obtain any of the moneys, funds, credits, assets, securities, and other property owned by, or under the custody or control of, a financial institution, by means of false and fraudulent pretenses, representations, and promises to devise a scheme to defraud, and to obtain money

and property by means of materially false and fraudulent pretenses, representations, and promises.

5.      It was part of the scheme and artifice to defraud that, the defendant, **Hadi Deeb**, sought to purchase a 2018 Acura TLX from Orr Nissan.

6.      On or about December 26, 2022, the defendant, **Hadi Deeb**, submitted and caused to be submitted a credit application in support of his request for financing from Ally Bank.

7.      The defendant, **Hadi Deeb**, falsely represented in the credit application that he had been employed for four years as the assistant manager at S and O Clothing, LLC and had a bi-weekly income of $2,800.00 when in fact he was not so employed.

C. THE OFFENSE.

8.      On or about December 26, 2022, in the Western District of Louisiana, the defendant, **Hadi Deeb**, executed the scheme and artifice as set forth above, in that the defendant submitted a false credit application which Ally Bank relied upon and dispersed $25,799.50 in funds.

All in violation of Title 18, United States Code, Sections 1344(a)(1) and (2). [18 U.S.C. §§ 1344(a)(1) & (2)].

**Count 18**
**Continuing Criminal Enterprise**
**21 U.S.C. § 848**

From in and at least sometime in October 2012, the exact date being unknown to the Grand Jury, and continuously thereafter up through and including

22

June 1, 2023, within the Western District of Louisiana, and elsewhere, the defendants, **Hui He**, **a.k.a. "Kevin"** and **Hikmat Deeb**, **a.k.a. "Hek" and "Hector"**, did unlawfully, knowingly and intentionally engage in a continuing criminal enterprise in that they unlawfully, knowingly and intentionally violated Title 21, United States Code, Sections 841, 843, and 846, which violations include, but are not limited to, conspiring to distribute and possession with intent to distribute marijuana; the possession with intent to distribute marijuana; the distribution of marijuana; and the use of a telecommunications facility in furtherance of drug trafficking, and which violations were part of a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, et seq., undertaken by the defendants, **Hui He**, **a.k.a. "Kevin"** and **Hikmat Deeb**, **a.k.a. "Hek" and "Hector"**, in concert with at least five other persons with respect to whom the defendants, **Hui He**, **a.k.a. "Kevin"** and **Hikmat Deeb**, **a.k.a. "Hek" and "Hector"** occupied positions of organizer, supervisor, and any position of management, and from which such continuing series of violations the defendants obtained substantial income and resources.

All in violation of Title 21, United States Code, Section 848. [21 U.S.C. § 848].

## FORFEITURE NOTICE

The allegations in Count 1 – 18 are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A.     As a result of the controlled substances offenses alleged in Count 1 of this Indictment, the defendants, **Hui He**, **a.k.a. "Kevin"**, **Hikmat Deeb**, **a.k.a. "Hek" and "Hector"**, **Brieon O'Neal**, **Andrew Brown**, **Jerusalia Bell**, **Rshad Deb**, **a.k.a. "Ray"**, **Adham Deeb**, **a.k.a. "Polo"**, **Hadi Deeb**, **Mohd Tbaileh**, **a.k.a. "Moody,"** **James Troy Phillips**, **a.k.a. "Troy,"** **Cory Beasley**, **Trevor Osifo**, **Shakera Stringfellow**, **Jimmy Mays**, **Dujuan Jackson**, **a.k.a. "Bando,"** **Damarquez Mitchell**, **a.k.a. "Quez"**, **Javarria Linnear**, **a.k.a. "Bubba"**, **Clarissa Holmes**, and **Elesia Johnson** shall forfeit to the United States all interest in:

> (1)     Any property consisting or derived from proceeds the defendants obtained directly or indirectly as the result of said violation as set forth in this Indictment and,
>
> (2)     Any property used or intended to be used in any manner or part to commit or facilitate the commission of the aforementioned violation.

B.     As a result of the controlled substances offenses alleged in Count 1 of this Indictment, the defendant, **Jerusalia Bell**, shall forfeit to the United States a property located at 2713 Midway Avenue, Shreveport, Louisiana 71104 and more particularly described as LOTS 6, & W/2 OF LOT 5, BLK 1, PARKHURST ADDN.

C.     As a result of the controlled substances offenses alleged in Count 1 of this Indictment, the defendant, **Brieon O'Neal**, shall forfeit to the United States:

> (1)     a 2014 Chevrolet Corvette, VIN 1G1YF3D78E5110078;
>
> (2)     Gents 10k yellow gold ring valued at $13,100.00;

> (3)    One 21" 10k yellow gold raised diamond Cuban link necklace valued at $50,600.00;
>
> (4)    one 10k yellow gold "NENE" pendant valued at $39,275.00; and
>
> (5)    Gents stainless steel Rolex watch valued at $24,000.00

D.    As a result of the controlled substances offenses alleged in Count 1 of this Indictment, the defendant, **James Troy Phillips**, **a.k.a. "Troy"**, shall forfeit to the United States a Chevrolet Corvette.

E.    As a result of the offenses alleged in Counts 5-8 of this Indictment, the defendants, **Hikmat Deeb**, **a.k.a. "Hek" and "Hector"** and **Jerusalia Bell** shall forfeit to the United States all interest in:

> (1)    Any property consisting or derived from proceeds the defendants obtained directly or indirectly as the result of said violations as set forth in this Superseding Indictment and,
>
> (2)    Any property used or intended to be used in any manner or part to commit or facilitate the commission of the aforementioned violations.

F.    By virtue of the offenses charged in this Indictment, any and all interest in the above-described property is vested in the United States and is forfeited to the United States pursuant to Title 21, United States Code, Section 853, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

G.    If any of the property described above as being subject to forfeiture as a result of any act or omission of the defendants:

> 1.    cannot be located upon the exercise of due diligence;
>
> 2.    has been transferred or sold to, or deposited with, a third person;

3.     has been placed beyond the jurisdiction of the Court;

4.     has been substantially diminished in value; or

5.     has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of substitute property of the defendant up to the value of the property subject to forfeiture.

All in accordance with Title 21, United States Code, Section 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL:               BRANDON B. BROWN
                                 United States Attorney

*REDACTED*

_____    _____
GRAND JURY FOREPERSON      Jessica D. Cassidy, LA Bar No. 37744
                               J. Aaron Crawford, LA Bar No. 31682
                               Assistant United States Attorney
                               300 Fannin Street, Suite 3201
                               Shreveport, Louisiana 71101
                               Phone: (318) 676-3600