RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

JUL - 2 2024

DANIEL J. McCOY, CLERK
BY:_____

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 5:23-cr-00214-11 |
| VERSUS | * | JUDGE HICKS |
| CORY BEASLEY | * | MAGISTRATE JUDGE HORNSBY |

## PLEA AGREEMENT

### A. INTRODUCTION

1. This document contains the complete plea agreement between the government and **Cory Beasley,** the defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the defendant, an attorney for the defendant, and an attorney for the government. The terms of this plea agreement are only binding on the defendant and the government if the Court accepts the defendant's guilty plea.

### B. THE DEFENDANT'S OBLIGATIONS

1. **Cory Beasley** shall appear in open court and plead guilty to Count One of the Superseding Indictment pending in this case.

### C. THE GOVERNMENT'S OBLIGATIONS

1. If the defendant completely fulfills all obligations and agreements under this plea agreement, the government agrees it will not prosecute the defendant for any other offense known to the United States Attorney's Office, based on the investigation which forms the basis of the Superseding Indictment.

2. The government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the defendant to receive a one-point reduction in offense level should that offense level be 16 or greater, as the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate resources efficiently.

D. SENTENCING

**Cory Beasley** understands and agrees that:

1. The maximum punishment on Count One is a term of imprisonment of not less than five (5) years and not more than forty (40) years and a fine of not more than $5,000,000 (pursuant to 21 U.S.C. § 841(b)(1)(B));

2. The defendant shall be required to pay a special assessment of $100 **at the time of the guilty plea** by means of a cashier's check, official bank check, or money order payable to "Clerk, U.S. District Court";

3. The defendant may receive a term of supervised release of at least four (4) years in length in addition to any term of imprisonment imposed by the Court;

4. A violation of any condition of supervised release at any time during the period of supervised release may result in the defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

5. The period of incarceration for a violation of a condition of supervised release could be as much as the full term of supervised release initially ordered by the Court, regardless of the amount of time of the supervised release the defendant has successfully completed;

6. Any fine imposed as part of the defendant's sentence will be made due and payable immediately, and any federal income tax refund received by the defendant from the Internal Revenue Service while there is an outstanding fine shall be applied toward the fine;

7. The defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on him to be used in consideration of his ability to pay a fine that may be imposed by the Court;

8. As part of the presentence investigation, the government will make available to the Court all evidence developed in the investigation of this case;

9. This case is governed by the Sentencing Reform Act as modified by United States v. Booker, 543 U.S. 220 (2005), and the defendant has discussed the Sentencing Guidelines and its applicability with his counsel and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

10. The sentencing judge alone will decide what sentence to impose; and

11. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E. REINSTATEMENT OF SUPERSEDING INDICTMENT

1. **Cory Beasley** understands and agrees that should this plea be overturned for any reason at a later date, the Superseding Indictment, in its entirety, will be automatically reinstated without need for presentment to a Grand Jury or any motion or other action by the government.

F.  ENTIRETY OF AGREEMENT

    1.  This plea agreement consists of this document and any addendum required by Standing Order 1.86. The defendant, the defendant's attorney, and the government acknowledge that this plea agreement is a complete statement of the parties' plea agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

G.  SIGNATURES OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, **Cory Beasley**. I concur in **Cory Beasley** pleading guilty as set forth in this plea agreement.

Dated: 5-31-24

DOUGLAS LEE HARVILLE
Attorney for Defendant

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 5/31/24

CORY BEASLEY
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

Dated: 6/4/24

By: *[signature]*

BRANDON B. BROWN
United States Attorney

JESSICA D. CASSIDY
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, LA 71101
(318) 676-3600